IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  
William E. Ridge  
Mary E. Ridge,  
    Debtor(s)                     /

Case No.

Chapter 13

## CHAPTER 13 PLAN

The Debtor(s) file this Chapter 13 Plan:

### A. CLASSIFICATION AND PROVISION FOR CLAIMS

1. **SECURED CLAIMS**

   a. **Cure Arrearages and Retain Lien**
   The following creditor(s) shall retain its lien and be paid in accordance with the terms of the note and security agreement by the Debtor(s) through this Plan. Any arrearages shall be cured through this Plan over a period of sixty (60) months without any further affirmative consent from the creditor(s):

   | Creditor: | Description of Collateral: |
   |---|---|
   | Taylor, Bean & Whitaker | Homestead |
   | HSBC | 2006 & 2007 ATV |

   i. **Post-Petition Mortgage Payments**. Payments received by holders and/or servicers of mortgage claims for ongoing post-petition installment payments shall be applied and credited to the Debtor(s)' mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

   ii. **Post-Petition Payment Changes**. Holders and/or servicers of mortgage claims shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable-rate mortgage. Holders and/or servicers shall timely notify the Debtor(s), Debtor(s)' attorney and Trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

   iii. **Pre-Petition Arrearages**. Payments disbursed by the Trustee to holders and/or servicers of mortgage claims shall be applied and credited only to the pre-petition arrearages necessary to cure the default, which shall consist of amounts listed on the allowed Proof of Claim and authorized by the note and security agreement and applicable nonbankruptcy law. Holders and/or servicers of mortgage claims shall deem the pre-petition arrearages as contractually current upon confirmation of the Plan.

   iv. **Mortgage Current Upon Discharge**. The holder and/or servicer of a mortgage claim shall provide the Debtor(s), Debtor(s)' attorney and Trustee a notice of any fees, expenses or charges that have accrued during the bankruptcy case on the mortgage account and that the holder and/or servicer contends are (1) allowed by the note and security agreement and applicable nonbankruptcy law, and (2) recoverable against the Debtor(s) or the Debtor(s)' account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial Plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the Trustee's final account under Bankruptcy Rule 5009. The failure of a holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the Debtor(s) or the Debtor(s)' account during the case or after entry of the order granting a discharge. Unless the Court orders otherwise, an order granting a discharge in this case shall be a determination that all pre-petition and post-petition defaults with respect to the Debtor(s)' mortgage have been cured, and that the Debtor(s)' mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

b. **Payments of Secured Balance of Claim**
The following creditor(s) shall retain its lien and be paid the full balance of its secured claim plus the lower of (1) an interest rate consistent with the "Till Rate"; or (2) the contract rate of interest on the secured obligations.

**Creditor:**                                    **Description of Collateral:**

**None**

      i. **Post-Petition Mortgage Payments**. Payments received by holders and/or servicers of mortgage claims for ongoing post-petition installment payments shall be applied and credited to the Debtor(s)' mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. Post-petition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

      ii. **Post-Petition Payment Changes**. Holders and/or servicers of mortgage claims shall make adjustments to the ongoing installment payment amount as required by the note and security agreement and applicable nonbankruptcy law, including changes based on an escrow analysis for amounts required to be deposited in any escrow account or based on an interest rate provision in an adjustable-rate mortgage. Holders and/or servicers shall timely notify the Debtor(s), Debtor(s)' attorney and Trustee of such payment adjustments and any shortage, deficiency or surplus of funds in any escrow account.

      iii. **Mortgage Current Upon Discharge**. The holder and/or servicer of a mortgage claim shall provide the Debtor(s), Debtor(s)' attorney and Trustee a notice of any fees, expenses or charges that have accrued during the bankruptcy case on the mortgage account and that the holder and/or servicer contends are (1) allowed by the note and security agreement and applicable nonbankruptcy law, and (2) recoverable against the Debtor(s) or the Debtor(s)' account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial Plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the Trustee's final account under Bankruptcy Rule 5009. The failure of a holder and/or servicer to give such notice for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the Debtor(s) or the Debtor(s)' account during the case or after entry of the order granting a discharge. Unless the Court orders otherwise, an order granting a discharge in this case shall be a determination that all pre-petition and post-petition defaults with respect to the Debtor(s)' mortgage have been cured, and that the Debtor(s)' mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

c. **Value Collateral**
The Debtor(s) shall file a Motion to Determine Secured Status pursuant to 11 U.S.C. §506 with respect to the following creditor(s). The Debtor(s) proposes to pay the creditor the value of its collateral as determined by the Bankruptcy Court or as set forth in the creditor's proof of claim. In addition, the Debtor(s) proposes to pay the lower of (1) an interest rate consistent with the "Till Rate"; or (2) the contract rate of interest on the secured obligations. The creditor(s) shall retain its lien until its secured claim has been paid in full. The remaining balance owed shall be treated as a general unsecured claim.

**Creditor:**                                    **Description of Collateral:**

**American General**                             **Water softner**

d. **Surrender/Abandon Property**
The Debtor(s) shall surrender the collateral securing the following secured creditor's claim in full satisfaction of the secured creditor's claim:

**Creditor:**                                    **Description of Collateral:**

**Eagle Island Estates (home assoc)**            **non-homestead**
**Indymac Bank (1st mtg)**                       **non-homestead**
**Mike Olsen (prop tax)**                        **non-homestead**
**Ocwen (2nd mtg)**                              **non-homestead**

e. **Avoid Lien**

The Debtor(s) shall avoid the lien of the following secured creditor pursuant to 11 U.S.C. §522(f), and thereafter that creditor's claim shall be treated as a general unsecured claim for purposes of distribution under this Plan:

| **Creditor:** | **Description of Collateral:** |
|---|---|
| NONE | |

f. **Other Treatment**

NONE

2. **PRIORITY CLAIMS**

The creditors are:

a. **Trustee's Fee**: The Trustee's Fee shall be paid within the life of this Plan as an administrative priority expense.

b. **Debtor's Attorney**: Allowable attorney's fees for the Debtor's attorney shall be paid within the life of this Plan as an administrative priority expense. The attorney fees to be paid under the plan shall be paid in the amount of **$500.00** per month until paid in full.

c. **Internal Revenue Service**: The Internal Revenue Service ("IRS") or any state or local government taxing authority shall be paid the full amount of any allowed secured claim plus statutory interest within the life of this Plan. Further, the IRS or any state or local government taxing authority shall be paid the full amount of any allowed priority claim without interest within the life of this Plan. Any non-priority unsecured claim of the IRS or any state or local government taxing authority shall be treated as a general unsecured claim. In the event the IRS or any state or local taxing authority fails to timely file a priority or unsecured claim in this case, any amount owed shall be discharged upon the entry of an Order of Discharge in this Chapter 13 case.

3. **EXECUTORY CONTRACTS**

a. **Assume Contract**

The Debtor(s) assumes the executory contracts of the following creditor(s). The creditor shall be paid in accordance with the terms of its lease with the Debtor(s). Any arrearages shall be cured through this Plan:

| **Creditor:** | **Type of Contract:** |
|---|---|
| NONE | |

b. **Reject Contract**

The Debtor(s) hereby rejects the lease of the following creditor(s), thereby excluding the creditor from receiving any distribution on its claim through this Plan; as well as discharging the creditor's claim upon the entry of an Order of Discharge in this Chapter 13 case.

| **Creditor:** | **Type of Contract:** |
|---|---|
| NONE | |

4. **NON-DISCHARAGEABLE UNSECURED CLAIMS**
(Restitution, Insufficient Check Charges, Co-Signed Debts, Non-Dischargeable Obligations)

The following unsecured creditor(s) shall be paid in full without interest through this Plan:

**Creditor:**                                    **Type of Contract:**

NONE

5. **STUDENT LOAN DEBTS**

The following student loan shall be paid in accordance with all general unsecured creditors:

**Creditor:**                                    **Type of Contract:**

NONE

6. **GENERAL UNSECURED CLAIMS**

Unsecured creditors will receive no distribution through this plan unless otherwise provided for in this plan or as ordered by the Bankruptcy Court. Unsecured claims not receiving a distribution through this Plan will be discharged upon the entry of the discharge order entered in this case.

7. **LAWSUITS**

The Debtor(s) will dedicate the net proceeds from the following lawsuits subject to Bankruptcy Court approval, if required:

**Case Style:**                                  **Court/Case No.:**

NONE

B. **SUBMISSION OF FUTURE EARNINGS OR INCOME**

The Debtor(s) shall submit their future earnings or income to the Trustee as follows: Debtor(s) shall pay the Trustee $1,309.00 per month for 60 months or until the claims as provided for by this Plan are paid. If the claims as provided in this Plan cannot be paid within 60 months, the Plan payment shall be increased as ordered by this Court. Payments to the Chapter 13 Trustee shall commence as ordered by this Court.

The Trustee shall pro rate and first apply all funds to the payment of awarded attorney fees as an administrative priority claim; with all other claims to be paid in accordance with the order confirming plan. Title to property of the estate shall revest in the Debtor(s) upon confirmation of this Plan.

## C. PLAN SUMMARY

The following summary is intended to provide an estimate of anticipated distributions pursuant to this proposed Chapter 13 Plan. The actual distributions may vary based upon claims filed.

| CREDITORS | AMOUNT TO BE PAID UNDER PLAN |
|---|---|
| **1. Secured Claims** | |
|   a. American General (val@till) (water softner) | $ 123.00 |
|   b. Eagle Island Estates (surrender) (homeowners fees) | $ 0.00 |
|   c. HSBC (o/s plan) (2006 & 2007 ATV) | $ 0.00 |
|   d. Indymac Bank (surrender) (1st mtg on non-homestead) | $ 0.00 |
|   e. Mike Olsen (surrender) (prop tax on non-homestead) | $ 0.00 |
|   f. Ocwen (surrender) (1st mtg on non-homestead) | $ 0.00 |
|   g. Taylor Bean (o/s plan) (mtg on homestead) | $ 0.00 |
| **2. Priority Unsecured Claims** | |
|   a. Attorney Fees | $ 2,150.00 |
| **3. Executory Contracts** | |
|   a. None | $ 0.00 |
| **4. Non-Dischargeable Unsecured Claims** | |
|   a. None | $ 0.00 |
| **5. Student Loan Debts** | |
|   a. None | $ 0.00 |
| **6. General Unsecured Claims** | $ 69,987.00 |
| **7. Lawsuits** | |
|   a. None | $ 0.00 |
| **SUBTOTAL** | $ 72,260.00 |
| **Trustee's fee on Plan Payment** | $ 6,284.00 |
| **TOTAL AMOUNT** | $ 78,544.00 |
| 60 Months x $1,309.00 = | $ 78,540.00 |
| Chapter 13 Plan Payment: | $ 1,309.00 |
| Monthly Adequate Protection: A. None | $ 0.00 |
| Monthly Chapter 13 Plan Payment            + | $ 1,309.00 |
| **Total Amount to be paid to Chapter 13 Trustee** | $ 1,309.00 |

## DECLARATION

We, **William E. Ridge and Mary E. Ridge,** Debtors in the above-styled case, declare under penalty of perjury that we have read the foregoing Chapter 13 Plan, and that it is true and correct to the best of our knowledge, information, and belief.

Dated: 6/25/08

_____
WILLIAM E. RIDGE

Dated: 6/25/08

_____
MARY E. RIDGE